**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHEL REMY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5666** |
| **THE HARTFORD FIRE INSURANCE COMPANY,** **ET AL.** | **SECTION: "G"** |

## ORDER

Before the Court is Defendant Federal Emergency Management Agency's ("FEMA") "Motion to Dismiss"[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim.  On July 21, 2014, Plaintiff Michel Remy submitted a "Statement of No Opposition,"[2] wherein he states that "he has no opposition to the Court granting the Motion, thereby dismissing his claims against [FEMA]."[3] Remy specifically reserves the right to pursue his claims against Defendant Hartford Fire Insurance Company in its capacity as a Write-Your-Own carrier ("WYO") participating in the United States Government's National Flood Insurance Program ("NFIP").[4]

This Court has authority to grant a motion as unopposed, although it is not required to do so.[5] FEMA argues that dismissal is warranted because there has been no waiver of sovereign immunity under the National Flood Insurance Act of 1968 (the "NFIA").[6]  Under the NFIP, both FEMA and

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 16.

[3] *Id.*

[4] *Id.*

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6]  Rec. Doc. 12-1 at p. 6 (citing 42 U.S.C. § 4001, *et seq.*).

1

WYO insurers may provide Standard Flood Insurance Policies ("SFIPs").[7]  When FEMA denies claims under an SFIP that it has issued, the injured policyholder may sue FEMA under a limited waiver of sovereign immunity.[8] However, when a WYO issues an SFIP, federal regulations provide that a WYO insurer "shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator [of the NFIP], such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies."[9] In cases involving disputes arising out of a standard flood policy issued by a WYO provider, the WYO insurer, not the federal government, is the only real party of interest and is solely liable for the coverage of the standard policy that it provided.[10]

Considering that Remy's SFIP was issued and adjusted by a WYO insurer, not FEMA, and that  the parties appear to agree that Remy's claims against FEMA should be dismissed,

**IT IS HEREBY ORDERED** that FEMA's "Motion to Dismiss,"[11] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __10th__ day of November, 2014.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[7] *See* 42 U.S.C. § 4071.

[8] 42 U.S.C. § 4072; *Wiedemann v. Harleysville Mut. Ins.*,  2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006).

[9] 44 C.F.R. § 62.23(g)

[10] *Kronenberg v. Fid. Nat. Ins. Co.*, 2008 WL 631277, at *1 (E.D. La. Mar. 5, 2008) (Vance, J.).

[11] Rec. Doc. 12.